

**ORDERED in the Southern District of Florida on May 31, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**In re:**                                                                                  **Case No. 11-18429-EPK**

**ANNA MARIE A. BACALLA,**                                          **Chapter 7**

      Debtor.
_____/

### ORDER REOPENING CASE TO ADD OMITTED CREDITORS

THIS MATTER came before the Court for hearing on May 16, 2013 upon the letter construed as the *Motion to Reopen Chapter 7 Case to Add Omitted Creditors* [ECF No. 28] (the "Motion") filed by Anna Marie A. Bacalla (the "Debtor").

On March 30, 2011, the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code.  On May 5, 2011, after the 11 U.S.C. § 341 meeting of creditors, the chapter 7 trustee concluded that the above-captioned case was a "No Asset" case. ECF No. 18.  Accordingly, the Clerk of Court did not issue notice to creditors to file proofs of claim, and no creditors have filed proofs of claim.  On July 6, 2011, the Debtor

received a discharge and the case was closed. ECF No. 24. The Debtor now seeks to reopen her case to add one or more omitted creditors.

For the reasons stated on the record, and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1. The Motion [ECF No. 28] is GRANTED to the extent provided herein.

2. The above-captioned case is REOPENED. No trustee shall be appointed. No filing fee is required to be paid to the Clerk of the Court unless the Debtor fails to comply with Paragraph 4 of this Order.

3. Within 14 days from the entry of this Order, the Debtor shall amend her schedules to add the names and addresses of the creditors previously omitted from her original schedules. A supplemental matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" must accompany the amended schedules. The "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" are available at www.flsb.uscourts.gov by clicking on the tab Administrative Orders, Local Rules, Forms & Guidelines on the left-hand side of the page.

4. The Debtor is directed to furnish a copy of this Order to all affected parties, including the added creditors. The Debtor must file a certificate of service as required by Local Rule 2002-1(F). Local Rules are available at www.flsb.uscourts.gov by clicking on the tab Administrative Orders, Local Rules, Forms & Guidelines on the left-hand side of the page, then clicking on Local Rules.

5. Within 14 days from the entry of this Order, the Debtor shall file a separate adversary complaint against each additional creditor added by the Debtor (the "Additional Creditors") seeking a determination from the Court that debts owed to the Additional Creditors are dischargeable notwithstanding 11 U.S.C section 523(a)(3). 11 U.S.C section 523(a)(3) states that a bankruptcy discharge does not discharge any debt

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Specifically, the adversary complaint(s) should allege why the debts to the Additional Creditors were not originally scheduled by the Debtor. Additionally, the adversary complaint(s) should allege facts to meet the standard set forth in the Eleventh Circuit Court of Appeals case *Matter of Baitcher*, 781 F.2d 1529 (11th Cir. 1986). In *Baitcher*, the Court ruled that, in a No Asset case, it would be inequitable to deny a debtor a discharge as to previously non-scheduled debts when the debtor originally failed to schedule the debts (1) "for reasons of honest mistake, not fraud or intentional design"; and (2) when there is also no prejudice to the additional creditors. 781 F.2d 1529, 1534 (11 Cir. 1986). The adversary complaint(s) shall be served by the Debtor upon the Additional Creditors pursuant to Federal Rules of Bankruptcy Procedure 7004. Federal Rule of Bankruptcy Procedure 7004 can be located by searching for that rule in an internet search engine.

5. Upon the filing of amended schedules and the adversary complaint(s) by the Debtor, or upon the Debtor's failure to comply with this Order, the above-captioned case shall be re-closed by the Clerk of the Court.

### 

Copies furnished to:

Anna Marie A. Bacalla